Filed 3/20/23 Luis T. v. Superior Court CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| LUIS T., <br><br> Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF TULARE COUNTY, <br><br> Respondent; <br><br> TULARE COUNTY HEALTH AND HUMAN SERVICES AGENCY, <br><br> Real Party in Interest. | F085604 <br><br> (Super. Ct. No. JJV064784B) <br><br><br> **OPINION** |

### THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ review. Hugo J. Loza, Judge.

Luis T., in pro. per., for Petitioner.

No appearance for Respondent.

---

[*] Before Levy, Acting P. J., Poochigian, J. and Smith, J.

No appearance for Real Party in Interest.

-ooOoo-

Petitioner Luis T. (father) is the alleged father of now five-month-old Dustin P., the subject of this extraordinary writ petition (Cal. Rules of Court, rules 8.450−8.452)[1] filed by father in propria persona. At a jurisdiction and disposition hearing on January 10, 2023, the juvenile court denied Dustin's mother, P.M. (mother),[2] reunification services and set a Welfare and Institutions Code section 366.26 hearing[3] for April 4, 2023. Father informs this court that he is incarcerated and does not want his parental rights terminated. Assuming he has standing as an alleged father to file a writ petition, we conclude his writ petition fails to comply with the content requirements of rule 8.450 and dismiss it as facially inadequate for review.

## FACTUAL AND PROCEDURAL BACKGROUND

In September 2022, the Tulare County Health and Human Services Agency (agency) received a referral that mother tested positive for methamphetamine, fentanyl and methadone during a prenatal visit in July 2022 and for amphetamine and fentanyl at the time of Dustin's birth. The staff reported that the fentanyl was administered by the hospital staff because mother delivered Dustin by caesarean section. Mother had a 14-year-old daughter, A.R.-W., who was removed from her custody in 2010 because of her substance abuse and neglect. After mother failed to reunify, the juvenile court terminated mother's parental rights and A.R.-W. was adopted by her maternal aunt in 2012.

Mother told the investigating social worker she was unprepared to take Dustin home and could not care for him. She said father was in prison.

---

[1] Rule references are to the California Rules of Court.

[2] Mother did not file a writ petition.

[3] Statutory references are to the Welfare and Institutions Code.

The agency filed a dependency petition, alleging Dustin was a minor described under section 300, subdivision (b)(1) (failure to protect) because of mother's substance abuse and under subdivision (j) (abuse of sibling) because mother failed to protect A.R.-W. because of her criminal activity and drug abuse. The petition identified father as Dustin's alleged father and indicated that his whereabouts were unknown. Dustin was placed with his maternal aunt.

The juvenile court ordered Dustin detained pursuant to the dependency petition, offered mother reunification services and set a jurisdiction and disposition hearing (combined hearing) for November 1, 2022.

The agency recommended the juvenile court deny mother reunification services under section 361.5, subdivision (b)(10), (11), and (14) and set a section 366.26 hearing. Mother was interested in drug rehabilitation but not in reunification services.

The combined hearing was continued until November 22, 2022. Meanwhile, the agency filed an addendum report stating mother informed the agency during an interview on October 24, 2022, that father was not Dustin's father. She was unable however to identify a father. On November 2, 2022, a social worker mailed a letter to father and sent faxes to a prison facility, but the faxes did not go through, and she received no response to her letter.

On November 22, 2022, the juvenile court appointed counsel for father, ordered paternity testing and set the combined hearing as a contested hearing on January 10, 2023.

Neither parent personally appeared at the hearing on January 10, 2023. Their attorneys informed the juvenile court they had not had any contact with the parents and objected to the agency's recommendation but presented no evidence or argument. The court adopted the agency's recommendation and set the section 366.26 hearing for April 4, 2023.

3.

## DISCUSSION

" 'A judgment or order of the lower court is *presumed correct.* All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

When the juvenile court sets a hearing under section 366.26, it must first make certain findings and orders. A parent wishing to challenge the court's findings and orders must do so by filing an extraordinary writ petition. The purpose of the extraordinary writ petition is to allow the appellate court to achieve a substantive and meritorious review of the juvenile court's orders and findings issued at the setting hearing in advance of the section 366.26 hearing. (§ 366.26, subd. (*l*)(4).) However, a parent filing an extraordinary writ petition must explain how the juvenile court was wrong in ruling as it did; in other words, how the court erred.

Rule 8.452, which sets forth the content requirements for an extraordinary writ petition, requires the petitioner to identify the error(s) he or she believes the juvenile court made and to support each alleged error with argument, citation to legal authority, and citation to the appellate record. (Rule 8.452(b).) In keeping with rule 8.452(a)(1), we will liberally construe a writ petition in favor of its adequacy where possible, recognizing that a parent representing him or herself is not trained in the law. Nevertheless, the petitioner must at least articulate a claim of error and support it by citations to the record. Failure to do so renders the petition inadequate in its content and the reviewing court need not independently review the record for possible error. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

Here, father completed the portions of the preprinted Judicial Council form "Petition for Extraordinary Writ" (JV-825) identifying Dustin as the subject of the petition and indicating by checking the appropriate boxes that he wants the juvenile court to provide him reunifications services, visitation and custody. However, he left blank the

4.

section of the form designated for explaining why the court's orders were erroneous. In another section of the form, father explained that he is incarcerated but does not want his parental rights terminated.

Because father does not allege the juvenile court erred in ruling as it did, his writ petition is inadequate and warrants dismissal. Further, there is no evidence that would support a claim of error. Father did not elevate his paternity status beyond that of alleged father. Therefore, he did not have any legal interest in Dustin and was not entitled to custody or reunification services, including visitation. (*In re O.S.* (2002) 102 Cal.App.4th 1402, 1406; § 361.5, subd. (a) [court may order services for the child and the biological father].)

## DISPOSITION

The petition for extraordinary writ is dismissed as inadequate under rule 8.452. This court's opinion is final forthwith as to this court pursuant to rule 8.490(b)(2)(A).